# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| THE CINCINNATI CASUALTY COMPANY | )<br>) |
| Plaintiff, | ) |
| vs. | ) Case No. 13-CV-04103-W-FJG |
| | )<br>) |
| WORLDWIDE RECYCLING EQUIPMENT<br>SALES, LLC, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Currently pending before the Court is Worldwide Recycling Equipment Sales LLC's ("Worldwide's") Motion to Dismiss or in the Alternative to Stay (Doc. # 8), Plaintiff Cincinnati Casualty Company's Motion to Consolidate (Doc. # 14); Defendant Worldwide's Motion to Transfer Case to the Eastern District of Missouri (Doc. # 16), Worldwide's Notice of Filing Motion for Consolidation (Doc. # 18), Plaintiff's Notice of Consent to Consolidation (Doc. # 21) and Plaintiff's Notice of Consent to Transfer (Doc. # 22).

## I. BACKGROUND

This case concerns insurance coverage and distribution of insurance proceeds relating to the loss of real property which is located in Moberly, Missouri. On April 23, 2013, Worldwide filed an action for vexatious refusal to pay under the policy against Cincinnati in the Circuit Court of Randolph County, Missouri. That case was removed by Cincinnati to the United States District Court for the Eastern District of Missouri and

is currently pending in that court. Also on April 23, 2013, Cincinnati filed the instant interpleader and declaratory judgment action in this case regarding insurance proceeds under the policy against Worldwide and the other defendants.

On May 20, 2013, Worldwide filed a Motion to Dismiss the instant action as an anticipatory suit and also because of a action which was currently pending in the Missouri state courts. On June 3, 2013, plaintiff Cincinnati Casualty filed a Motion to Consolidate an action that had been removed to the Eastern District of Missouri with this action. Worldwide requests that the Court transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) because the action "might have been brought" in that district and also because jurisdiction and venue are proper there. Worldwide also states that this action should be transferred for the convenience of the parties and witnesses.

## II. STANDARD

Title 28 U.S.C. § 1404(a), states: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented." "The statute was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the venue is proper. . . .Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one." In re Apple, Inc., 602 F.3d 909, 912 (8th Cir.), cert. denied,131 S.Ct. 838, 178 L.Ed.2d 560 (2010)(internal citations and quotations omitted).

2

## III. DISCUSSION

In its Motion to Transfer Worldwide states that this case could have been brought in the Eastern District of Missouri because all of the defendants are residents of the Eastern District and plaintiff issued the insurance policy to a defendant located in the Eastern District which covered property also located in that district. Defendant also states that the factors of convenience of the parties and witnesses and the interests of justice also weigh in favor of transferring this case. On July 16, 2013, plaintiff filed a notice stating that it has no objection to and consents to Defendant Worldwide's Motion to Transfer this case to the United States District Court for the Eastern District of Missouri.

## IV. CONCLUSION

Accordingly, for good cause shown and with no opposition indicated, the Court hereby **GRANTS** Worldwide's Motion to Transfer this Case to the United States District Court for the Eastern District of Missouri (Doc. # 16). The Court **DENIES AS MOOT** Defendant Worldwide's Motion to Dismiss or in the Alternative to Stay (Doc. # 8), **DENIES** Cincinnati Casualty Company's Motion to Consolidate (Doc. # 14), **DENIES** Defendant Worldwide's Notice of Filing Motion for Consolidation (Doc. # 18), Plaintiff's Notice of Consent to Consolidation (Doc. # 21) and Plaintiff's Consent to Transfer (Doc. # 22) as these are merely notices and are not separate motions.

Date: July 26, 2013  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge